UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOJUAN BURNS,                              :
                                           :
            Petitioner,                    :     Civ. No. 13-7027 (RBK)
                                           :
      v.                                   :     **OPINION**
                                           :
WARDEN JORDAN HOLLINGSWORTH,                :
                                           :
            Respondent.                    :
                                           :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that he is entitled to a longer period of placement in a residential reentry center ("RRC") before his federal sentence is complete. For the following reasons, the habeas petition will be denied.

## II.   BACKGROUND

In 2009, petitioner was sentenced in the United States District Court for the Eastern District of Michigan to seventy-two months imprisonment for conspiracy with intent to distribute more than five kilograms of cocaine. His current projected release date is October 9, 2014. On May 24, 2013, petitioner's Unit Team completed a community programing consideration/re-consideration form. (*See* Dkt. No. 6-2 at p. 7.) It ultimately recommended that petitioner be placed in an RRC for a period of sixty to ninety days. (*See id.*) The Unit Team noted as follows with respect to petitioner:

1

> Inmate Burns is currently serving a 72 month federal sentence. He *has been incarcerated since June 15, 2009. Review reveals inmate* Burns has evidenced strong family and community ties, employable skills and financial resource. Prior to incarceration, he maintained employment as a Landscaper and advised the Unit Team at this Program Review that he owns several properties which he will manage upon his release. He further advised that he has additional employment opportunity to work as a valet upon release. Inmate Burns has also earned 26 semester credits from Wayne State University towards his Associates Degree. However, throughout inmate Burns' 47 months of incarceration, he has only completed 58 hours of institutional program participation. Review of inmate Burns' Inmate Financial Transactions reveal he has received $1,806.32 over a six month period, which supports a strong financial resource. However, inmate Burns chose to spend $1,792.65, saving nothing towards his release needs, although previously advised to do so by his Unit Team. The Unit Team also took into consideration inmate Burns' Prior Criminal History and his Institutional Disciplinary Record. On March 13, 2013, he was found guilty by the Discipline hearing Officer of Possessing a Hazardous Tool, code 108a. When considering the characteristics of an inmate for placement in a RRC, the Unit Team must consider the safety and security of the community. Based on inmate Burns' strong family and financial ties, employment history and employable skills, he is considered Low risk. The Unit team therefore feels that the recommendation for RRC placement is substantiated. In addition, the Unit Team has encouraged inmate Burns to increase his efforts in the saving of funds for release.

(*Id.*)

Petitioner was dissatisfied with the fact that the Unit Team only recommended two or three months placement in a RRC. Thus, he filed a request for administrative remedy with the prison, arguing that he clearly fit the criteria for 180 days placement in a RRC. (*See* Dkt. No. 6-1 at p. 9.) The Warden rejected petitioner's request for additional RRC placement noting the factors that the Unit Team considered in making its recommendation. (*See id.* at p. 10-11.) Petitioner then appealed to the Regional Director who denied the appeal after noting the criteria used by the Unit Team in making its recommendation. (*See id.* at p. 14.)

Petitioner then filed the instant federal habeas petition.  Petitioner states that the Bureau of Prisons ("BOP") has disregarded its policies as he is the perfect candidate for a five or six month period at a RRC rather than a two or three month period.  The respondent has filed an answer and petitioner filed a reply.  Thus, the matter is now ready for adjudication.

### III.   DISCUSSION

As outlined above, petitioner argues in this habeas petition that his period of time in a RRC should be lengthened from 2-3 months to 5-6 months.  He claims this longer period is necessary as he does not have an address to go home to.  (*See* Dkt. No. 1 at p. 5.)

Petitioner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement."  *Wilson v. Strada*, 474 F. App'x 46, 48 (3d Cir. 2012) (per curiam) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005)).  "The Second Chance Act of 2007 . . . increases a federal prisoner's eligibility for pre-release placement in a halfway house from 6 to 12 months, and requires the Bureau of Prisons (BOP) to make an individual determination that ensures that the placement is 'of sufficient duration to provide the greatest likelihood of successful reintegration into the community.'"  *Vasquez v. Strada*, 684 F.3d 431, 432-33 (3d Cir. 2012) (per curiam) (quoting 18 U.S.C. § 3624(c)(6)(C)).  The Second Chance Act also required the BOP to issue regulations that ensures that placement in a RRC is conducted in a manner consistent with section 3621(b)[1], on an individualized basis and so that the duration

---

[1] Section 3621(b) provides that:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –

3

of the placement period gives the inmate the greatest likelihood of successful community reintegration.  *See* 18 U.S.C. 3624(c)(6)(C).

This Court's review is limited to whether the BOP abused its discretion.  *See Wilson*, 474 F. App'x at 48 (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).  "The BOP exercises its authority pursuant to the Second Chance Act to determine individual prisoner RRC placements by applying the five factors set forth in section 3621(b).  The sixth factor used by the BOP is participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541."  *Vasquez*, 684 F.3d at 434.

As stated in *supra* Part II, on May 24, 2013, petitioner's Unit Team considered petitioner for RRC placement.  (*See* Dkt. No. 6-2 at p. 7.)  The form completed by the Unit Team indicates that they considered the § 3621(b) factors in deciding if/when petitioner would start at an RRC as well as whether he completed inmate skills development programming or a non-residential drug abuse treatment program.  (*See id.*)  The Unit Team noted that home confinement was not appropriate and placement in a RRC was necessary so help petitioner obtain employment and a permanent address prior to his release.  (*See id.*)  Ultimately, the Unit Team recommended RRC

---

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence –
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

placement of sixty to ninety days.  (*See id.*)  The Unit Team then expanded on its assessment of petitioner which indicates the individualized assessment of petitioner as he related to the statutory factors.

The record indicates that the Unit Team did not abuse its discretion in recommending that petitioner be placed in an RRC for 2-3 three months rather than the 5-6 months that he sought.  Indeed, the Unit Team made an individualized determination of the statutory factors.  "Nothing in the Second Chance Act entitles a federal prisoner to any particular length of pre-release placement in an RRC."  *See Nelson v. Zickefoose*, No. 12-2269, 2013 WL 140049, at *6 (D.N.J. Jan. 9, 2013); *see also Reeves v. Fed. Bureau of Prisons*, No. 13-1795, 2014 WL 673019, at *2 (D.N.J. Feb. 21, 2014) ("Petitioner has no vested right in . . . being placed in a RRC on a certain date."); *Spells v. Ebbert*, No. 12-0783, 2012 WL 6498723, at *13 (M.D. Pa. Nov. 19, 2012) ("[T]he [Second Chance Act] does not entitle inmates to maximum 12-month placements in RRC programs, or to any other length of placement.") (citation omitted), *report and recommendation adopted by*, 2012 WL 6497468 (M.D. Pa. Dec. 13, 2012).  Petitioner's disagreement with the BOP's assessment is insufficient to entitle him to federal habeas relief.  *Accord Mitchell v. United States*, No. 13-1068, 2014 WL 644715, at *1 (D.N.J. Feb. 19, 2014) (noting that nothing in the Second Chance Act guarantees an inmate a particular RRC period and finding that petitioner's position that his rights were violated when he was given an RRC period shorter than he desired without merit); *Soto v. United States*, No. 12-2963, 2013 WL 1628960, at *8 (D.N.J. Apr. 16, 2013) (finding that petitioner's disagreement with his RRC placement determination does not entitle him to federal habeas relief where the record established that reviewing officials exercised their discretion in accordance with the statutory factors in §

3621(b) and on an individualized basis).  Accordingly, petitioner's habeas petition will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the habeas petition will be denied.  An appropriate order will be entered.

DATED:   June 30, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
